# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY VERNON JONES,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>L. E. SCRIBNER, Warden,<br><br>　　　　　　　Respondent. | Civil No.   08-0623 JLS (RBB)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**REQUEST TO PROCEED IN FORMA PAUPERIS**

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status.  A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.  Petitioner has failed to provide the Court with the appropriate Prison Certificate and Trust Account Statement..

Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice.  To have the case reopened, Petitioner must, **no later than June 16, 2008**, provide the Court with:  (1)  a copy of this Order together with the $5.00

1 filing fee; or (2) a copy of this Order together with adequate proof that Petitioner cannot pay the
2 $5.00 filing fee.

### FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Oyler v. Allenbrand, 23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### FAILURE TO USE PROPER FORM

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

approved form. The correct forms are available free of charge from the clerk of the court and available upon request. Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

## CONCLUSION

Petitioner's request to proceed in forma pauperis is **DENIED** and the petition is **DISMISSED** without prejudice and with leave to amend for failure to satisfy the filing fee requirement, failure to allege exhaustion and failure to use the proper form. In order to have this case reopened, Petitioner must, **no later than June 16, 2008**: (1) pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition on the proper form, which cures the pleading deficiency discussed above. *For Petitioner's convenience, the Clerk of Court shall attach to this order a blank First Amended Petition form and a blank application to proceed in forma pauperis, which includes the appropriate prison certificate form.*

**IT IS SO ORDERED.**

DATED: April 21, 2008

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge