NAME: Larry Jones
PRISON NUMBER: E-17215
CURRENT ADDRESS OR PLACE OF CONFINEMENT: P.O. Box 5004
CITY, STATE, ZIP CODE: Calipatria, CA 92233

FILED
2008 MAY 15 PM 2:57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Larry Vernon Jones,
(FULL NAME OF PETITIONER)
                                            PETITIONER

v.

L. E. Scribner,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])
                                            RESPONDENT
and

Edmund G. Brown Jr.,
The Attorney General of the State of
California, Additional Respondent.

Civil No. 08-0623 JLS RBB
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## FIRST AMENDED
### PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

Hill v. Alaska 297 F3d 895, 897
9th Cir (2002)
(first challenge)

1. Name and location of the court that entered the judgment of conviction under attack: _____
   Superior court of Los Angeles County (Northwest)

2. Date of judgment of conviction: _____

3. Trial court case number of the judgment of conviction being challenged: _____
   Superior ct # LA015282

4. Length of sentence: 78 yrs total term

CIV 68 (Rev. Jan. 2006)
                                            cv

5. Sentence start date and projected release date: __start 4/27/94__
   __MAX 5/28/2071__

6. Offense(s) for which you were convicted or pleaded guilty (all counts): __1.) 289  2.) 288A(c)__
   __3.) 261(A)(2)  4.) 286(c)  5.) 261(A)(2)  6.) 286(c)  7.) 261(A)(2)  8. 286(c)__
   __9.) 288 A (c)  10.) 203  11.) 211__

7. What was your plea? (CHECK ONE)
   (a) Not guilty  ☑
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury  ☑
   (b) Judge only  ☐

9. Did you testify at the trial?
   ☐ Yes  ☑ No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: __Affirmed__
    (b) Date of result (if known): __?__
    (c) Case number and citation (if known): __D084730  2nd Dist court of App.__
    (d) Names of Judges participating in case (if known) __?__

    (e) Grounds raised on direct appeal: __Please see record of Appeal__

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: __Affirmed for the case__
    (b) Date of result (if known): __?__
    (c) Case number and citation (if known): __?__
    __See record of Appeal__
    (d) Grounds raised: __The grounds in this petition are 1st__
    __challenge to term computation H.tl v. Alaska 9th (2002)__

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____
    _____

    (d) Grounds raised: _____
    _____
    _____
    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): _____

    (b) Nature of proceeding: _____
    _____

    (c) Grounds raised: _____
    _____
    _____
    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☐ Yes  ☒ No

    Not this specific claim, petitioner just found out of fraudulent documents in his prison records recently. Charlotte v. Fordice 515 US. 37 44 47 (1995)

    Gayle v. Mann 2nd cir (1992)

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): _____

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known) _____

    (d) Grounds raised: N/A

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes  ☒ No   Hill v. Alaska    Charlotte v Fordice supra    Coleman v. Thompson
                  United States v. Young 470 U.S. 1, 15 (1985)    supra 501 U.S. at 753

19. If your answer to #18 was "Yes," give the following information:  Gayle v. Mann
                                                                      2nd cir (1992)
    (a) **California Supreme Court** Case Number (if known): _____

    (b) Nature of proceeding: 1st challenge term computation

    (c) Grounds raised: _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

*I just found out in my prison records that my term is constitutionally incorrect and I am in custody in violation of federal law. There are false documents being used to calculate my term/release date. Hill v. Alaska 9th cir (2002) Coleman v. Thompson supra Townsend v. Sain supra Gayle v. Mann 2nd cir (1972)*

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No   (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
       (i) What was the prior case number? _____
       (ii) Was the prior action (CHECK ONE):
         ☐ Denied on the merits?
         ☐ Dismissed for procedural reasons?
       (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
       ☐ Yes ☒ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
       ☐ Yes ☐ No   *Hill v Alaska 9th cir (2002)*

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Is it a Due Process violation when C.D.C.R calculates Petitioners term from 3 Abstracts (Amended) and minute orders in which Judicial Alterations and not clerical errors alter term of confinement

Supporting FACTS:

Petitioners Amended Abstracts and minute orders violate Due Process as Judicial alterations were made off the record which require the presence of the Defendant

See September 13 1995 minute order

See April 4 1994 minute order

count 10 strikes great bodily injury

See also oral pronouncement of sentencing transcript.

Did you raise GROUND ONE in the California Supreme Court?
☐ Yes ☒ No.   Hill v. Alaska 9th cir (2002) / Grayle v. Mann 2nd cir (1992)

If yes, answer the following:   Coleman v. Thompson (supra)

(1) Nature of proceeding (i.e., petition for review, habeas petition): _____

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available): _____

✱ ("All grounds" relate to constitutionality of my parole date/term)

CIV 68 (Rev. Jan. 2006)                    -6-                    cv

(b) **GROUND TWO**: Has C.D.C.R. calculated Petitioners term within the constitution when it alters his base term A base term not ordered in transcripts, But C.D.C.R makes parole date from

Supporting FACTS: (see Exibit Legal status Summary sheet)

Count 16 mayhem has been selected as Petitioners base term by C.D.C.R. 4 yr term plus 74 yrs of Enhancements.

Sentencing transcripts point that count one is the base term. Pen code 289

A change such as this by C.D.C.R. Alters petitioners term in aggravation.

Exibits sentencing transcripts abstracts of Judgements.

**Did you raise GROUND TWO in the California Supreme Court?**   Gayle v. Mann
☐ Yes ☒ No.   Hill v. Alaska  9th cir (2002)    2nd cir (1992)

    If yes, answer the following:   Coleman v. Thompson (supra)

    (1) Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2) Case number or citation: _____

    (3) Result (attach a copy of the court's opinion or order if available): _____

(c) **GROUND THREE:** Has Petitioners Due Process been violated when C.D.C.R. calculates in error a count whose enhancement and term therein was "stricken" and later reinstated off the record in violation of Due Process (Is the term Altered?)

**Supporting FACTS:**

The sentencing court sentenced petitioner to state prison

Count 4) 4 years with enhancement stricken, see sentencing transcript (Attached)

On September 13 1995, "without a court reporter" (minute order Attached)

Sentencing judge ordered and sent C.D.C.R minute order used to calculate petitioner term, an unauthenticated order from the court of Appeal to "stay" the enhancement on count (10) under 654.

This is a violation of Due Process and the 6th Amendment as this act makes his confinement illegal, unreported and unverified by the U.S. constitution

This seriously alters his term of confinement, his parole date and the 8th Amend protections against cruel and unusual Punishment.

**Did you raise GROUND THREE in the California Supreme Court?**
☐ Yes ☒ No.   Hill v. Alaska 9th Cir (2002)   Gayle v. Mann 2nd Cir (1992)

If yes, answer the following:   Coleman v. Thompson (supra)

(1) Nature of proceeding (i.e., petition for review, habeas petition): _____

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available): _____

(d) **GROUND FOUR**: Has C.D.C. followed Policy to insure Petitioners constitutionally mandated release/parole policy date is in order when it recieves unverified Amended Abstracts/minute orders/transcripts?

**Supporting FACTS**: Does thier Policy violate Due Process to petitioner?

Several of petitioners documents do not have filed stamps, certified stamps or the requisite signatures all of which C.D.C.R. Policy mandates to record the committment and to calculate terms.

To not have this in place violates the constitutional Rights of petitioner and forces petitioner to serve a term subject to change at the whim of court clerks, Judges and C.D.C.R. personell - all without Due Process guaranteed by the

United States constitution and protected

liberty Rights under the Bill of Rights.

Did you raise **GROUND FOUR** in the **California Supreme Court**?
☐ Yes ☒ No.  Hill v. Alaska  9th Cir (2002)   Gayle v. Mann 2nd Cir (1992)

If yes, answer the following: Coleman v. Thompson Supra

(1) Nature of proceeding (i.e., petition for review, habeas petition): _____

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available): _____

CIV 68 (Rev. Jan. 2006)                -9-                                    cv

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: _____
    (b) Case Number: _____
    (c) Date action filed: _____
    (d) Nature of proceeding: _____
    _____
    (e) Name(s) of judges (if known): _____
    (f) Grounds raised: _____
    _____
    _____
    _____
    _____

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: _____
    _____
    (b) At arraignment and plea: _____
    _____
    (c) At trial: _____
    _____
    (d) At sentencing: M. Gottlieb   DPD
    _____
    (e) On appeal: _____
    (f) In any post-conviction proceeding: _____
    _____
    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____
    _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ☒ Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:
    _____

    (b) Give date and length of the future sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes ☐ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.   OR   ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_____ May 13 2008 _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__May 13 2008__        __/s/ Larry Jones__
(DATE)                  SIGNATURE OF PETITIONER

# Jurisdiction

This petition concerns petitioner being confined illegally in this southern district.

Petitioner cites <u>Hill v. Alaska</u> (9th cir 2002) on the face of the petition and he claims that his release date has been calculated in error and he is being held in violation of federal law from a state judgement in this jurisdiction. <u>All grounds</u> pertain to <u>first term challenge</u>.

<u>Dunn v. Henman</u>   (9th cir 1989)

<u>Russo v. Newland</u>   2000 W.L. 1948921 (N.D. CAL)

<u>McKnight v. Foreman</u>   1997 W.L. 50267 (N.D. CAL)

## "Exibits"

Abstracts of Judgement

Minute orders

Legal status summary sheet

Term calculation sheets

Exerpts of Appeal transcripts Account of Petitioners original sentencing

Motion for Appointment of counsel

Proof of service