1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LARRY VERNON JONES,                    Civil No.   08cv0623-JLS (RBB)

12                                Petitioner,

13                                           **ORDER:**

            v.
14                                           **(1)  GRANTING APPLICATION TO**
                                             **PROCEED IN FORMA PAUPERIS;**
     L. E. SCRIBNER, Warden, et al.,         **AND,**
15

16                              Respondents.  **(2) DISMISSING FIRST AMENDED**
                                             **PETITION WITHOUT PREJUDICE**

17

18          On April 4, 2008, Petitioner, a state prisoner proceeding pro se, submitted a Petition for

19   Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

20   pauperis.  On April 21, 2008, the Court denied Petitioner's request to proceed in forma pauperis

21   because he had failed to provide sufficient financial information.  The Court dismissed the

22   Petition because Petitioner had failed to satisfy the filing fee requirement, and because he had

23   failed to allege exhaustion of his state court remedies as to the claims presented in the Petition.

24   Petitioner was granted leave to renew his in forma pauperis application and to submit an

25   amended petition curing this pleading defect. Petitioner has now filed a renewed application for

26   leave to proceed in forma pauperis and a First Amended Petition.

27          Petitioner has no funds on account at the California correctional institution in which he

28   is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS**

K:\COMMON\EVERYONE\_EFILE-PROSE\JLS\08cv0623-Dismiss2.wpd, 5298          -1-                                        08cv0623

1  Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the

2  above-referenced action as a poor person without being required to prepay fees or costs and

3  without being required to post security.

4      However, a review of the First Amended Petition indicates that Petitioner has once again

5  failed to allege exhaustion of his state court remedies.  Rather, Petitioner cites <u>Hill v. Alaska</u>,

6  297 F.3d 895 (9th Cir. 2002) as permitting him to avoid the exhaustion requirement.  (Pet. at 6-

7  9.)  The Ninth Circuit in <u>Hill</u> held that a federal habeas petition from a state prisoner challenging

8  the calculation of his release date by prison officials, as Petitioner here is doing, is neither

9  "second" nor "successive" to that prisoner's initial federal habeas petition challenging his

10  conviction, as those terms are used in 28 U.S.C. § 2244(b), which proscribes the filing of second

11  or successive petitions unless certain conditions are met.  <u>Hill</u>, 297 F.3d at 898.  However,

12  nothing in <u>Hill</u> authorizes Petitioner to avoid the exhaustion requirement.

13      As Petitioner was instructed in the previous Order of dismissal, "habeas petitioners who

14  wish to challenge either their state court conviction or the length of their confinement in state

15  prison, must first exhaust state judicial remedies. . . [by presenting] the California Supreme

16  Court with a fair opportunity to rule on the merits of every issue raised in his or her federal

17  habeas petition." (4/21/08 order at p. 2, citing 28 U.S.C. § 2254(b)-(c) and <u>Granberry v. Greer</u>,

18  481 U.S. 129, 133-34 (1987).)  Petitioner was instructed that: "If state courts are to be given the

19  opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted

20  to the fact that the prisoners are asserting claims under the United States Constitution." (4/21/08

21  Order at p.2, citing <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995).)  The Court dismissed the

22  original Petition after finding that Petitioner had failed to allege that he had presented his claims

23  to the California Supreme Court, and granted Petitioner leave to file an amended petition curing

24  this pleading defect. (<u>Id.</u> at 4.)  Petitioner has specifically indicated that he has not presented his

25  claims to the California Supreme Court.  (<u>See</u> Pet. at 6-9.)

26      Because Petitioner has failed to allege exhaustion of state court remedies, the First

27  Amended Petition is **DISMISSED** without prejudice. The Court will grant Petitioner one further

28  opportunity to amend his Petition to cure this pleading defect.

1                                       **CONCLUSION AND ORDER**

2     Petitioner's Motion to proceed in forma pauperis is **GRANTED** and the First Amended

3 Petition is **DISMISSED** for failure to allege exhaustion of state court remedies. If Petitioner

4 wishes to proceed with this action, he must file, on or before **June 16, 2008**, a Second Amended

5 Petition in which he alleges exhaustion of state court remedies. If Petitioner has failed to allege

6 exhaustion of state court remedies by June 16, 2008 and still wishes to proceed with his claims,

7 he will be required to file a new petition which will be given a new civil case number.

8     **IT IS SO ORDERED.**

9

10 DATED: May 29, 2008

11                           _Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28