# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY VERNON JONES,<br><br>    Petitioner,<br><br>v.<br><br>L. E. SCRIBNER, Warden, et al.,<br><br>    Respondents. | Civil No.   08cv0623-JLS (RBB)<br><br>**ORDER DISMISSING SECOND AMENDED PETITION WITHOUT LEAVE TO AMEND** |

On April 4, 2008, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. On April 21, 2008, the Court denied Petitioner's request to proceed in forma pauperis because he had failed to provide sufficient financial information. The Court dismissed the Petition because Petitioner had failed to satisfy the filing fee requirement, and because he had failed to allege exhaustion of his state court remedies as to the claims presented in the Petition. Petitioner was granted leave to renew his in forma pauperis application and to submit an amended petition curing this pleading defect.

On May 15, 2008 Petitioner filed a renewed application for leave to proceed in forma pauperis and a First Amended Petition. On May 29, 2008, the Court granted Petitioner's application to proceed in forma pauperis but again dismissed the First Amended Petition for failure to allege exhaustion of state judicial remedies. The Court notified Petitioner that if he

1  failed to file a Second Amended Petition by June 16, 2008, which alleged exhaustion of state
2  court remedies, his petition would be dismissed without leave to amend and he would have to
3  begin again by filing a new federal habeas petition which will be given a new civil case number
4  On June 16, 2008, Petitioner filed a Second Amended Petition.

5       Review of the Second Amended Petition indicates that Petitioner has once again failed
6  to allege exhaustion of his state court remedies.  Petitioner again cites Hill v. Alaska, 297 F.3d
7  895 (9th Cir. 2002) as permitting him to avoid the exhaustion requirement.  (*See* Pet. at 1.)  The
8  Ninth Circuit in Hill held that a federal habeas petition from a state prisoner challenging the
9  calculation of his release date by prison officials, as Petitioner here is doing, is neither "second"
10 nor "successive" to that prisoner's initial federal habeas petition challenging his conviction, as
11 those terms are used in 28 U.S.C. § 2244(b), which proscribes the filing of second or successive
12 petitions unless certain conditions are met.  Hill, 297 F.3d at 898.  However, nothing in Hill
13 authorizes Petitioner to avoid the exhaustion requirement.

14      Petitioner also alleges that he need not exhaust state court remedies because there are no
15 such remedies available to him.  He claims that because he is challenging his parole
16 determination, he cannot pursue his claims in the state courts.  This is incorrect.  California state
17 prisoners may challenge their parole release dates by submitting a petition for habeas corpus.
18 See In re Rosecrantz, 29 Cal. 4th 616 (2002).

19      As Petitioner was instructed in the previous Orders of dismissal, "habeas petitioners who
20 wish to challenge either their state court conviction or the length of their confinement in state
21 prison, must first exhaust state judicial remedies. . . [by presenting] the California Supreme
22 Court with a fair opportunity to rule on the merits of every issue raised in his or her federal
23 habeas petition." (*see* 4/21/08 Order at p. 2, citing 28 U.S.C. § 2254(b)-(c) and Granberry v.
24 Greer, 481 U.S. 129, 133-34 (1987).)   Petitioner was also instructed that: "If state courts are to
25 be given the opportunity to correct alleged violations of prisoners' federal rights, they must
26 surely be alerted to the fact that the prisoners are asserting claims under the United States
27 Constitution." (*See* 4/21/08 Order at p.2, citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995).)
28 The Court dismissed the original Petition after finding that Petitioner had failed to allege that he

1 | had presented his claims to the California Supreme Court, and granted Petitioner leave to file
2 | an amended petition curing this pleading defect. (<u>Id.</u> at 4.) Petitioner has specifically indicated
3 | that he has not presented his claims to the California Supreme Court. (<u>See</u> Pet. at 6-8.)

4 | Because Petitioner has again failed to allege exhaustion of state judicial remedies, the Court **DISMISSES** the petition without prejudice and without leave to amend. If Petitioner wished to pursue these claims in the future, he must file a new petition which will be given a new civil case number. The Clerk shall close the file.

8 | **IT IS SO ORDERED.**

10 | DATED: July 8, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge