# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY VERNON JONES, Petitioner, vs. L.E. SCRIBNER, Warden, et al., Respondents. | CASE NO. 08CV623 JLS (RBB) **ORDER (1) DENYING CERTIFICATE OF APPEALABILITY and (2) DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL** (Doc. No. 15) |

Petitioner, a state prisoner proceeding pro se, has filed a notice of appeal of this Court's July 8, 2008 Order dismissing petitioner's second amended petition without leave to amend for failure to exhaust administrative remedies. (Doc. No. 15.) The notice of appeal also renews petitioner's request for appointment of counsel. (Id.)

This Court must "construe [Jones's] notice of appeal as a request for certificate of appealability." Turner v. Calderon, 281 F.3d 851, 864-65 (9th Cir. 2002) (quoting Sassounian v. Roe, 230 F.3d 1097, 1100 (9th Cir. 2000)). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2008). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Milleer-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The court must either grant the certificate of appealability indicating which issues satisfy the required showing or state why a certificate should not issue. Fed. R. App. P. 22(b).

The certificate should not issue because reasonable jurists would agree that petitioner has failed to exhaust his administrative remedies. On the basis of the authorities cited in the Court's July 8, 2008 Order, petitioner must exhaust his administrative remedies before he can pursue a habeas petition in this Court.

There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the absence of evidence that petitioner has exhausted his administrative remedies, the Court finds the interests of justice would not be served by appointment of counsel.

Accordingly, the Court **DENIES** petitioner's requests for a certificate of appealability and appointment of counsel.

IT IS SO ORDERED.

DATED: August 26, 2008

Janis L. Sammartino

Honorable Janis L. Sammartino
United States District Judge